IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEJESUS COLLINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-23-344 |
| WARDEN SHANE WEBER *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## **MEMORANDUM OPINION**

Self-represented Plaintiff Dejesus Collins, currently incarcerated at the North Branch Correctional Institution ("NBCI"), filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants Warden Shane Weber and two unidentified transportation officers failed to protect him from harm while transporting him across the NBCI compound. ECF No. 1. Defendant Weber filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. ECF No. 16. Collins was notified of his right to file a response to Defendant Weber's dispositive motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), however, to date, Collins has not done so.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant Weber's Motion shall be granted, and the Complaint will be dismissed without prejudice due to Collins's failure to exhaust administrative remedies.

**Background**

Collins filed correspondence with the Court which was construed as a 42 U.S.C. § 1983 civil rights action against Warden Weber. ECF No. 1. Collins alleged that on November 23, 2022, he suffered injuries after correctional officers placed him in a medical cart for transport but failed to secure him with a seatbelt, and the cart struck a metal pole. *Id.* at 3-4. On March 3, 2023, the

Court directed Collins to supplement his Complaint regarding the medical cart transport. ECF No. 3. It was noted that Collins's other allegations contained in his correspondence were previously raised in other cases before the Court. *Id.*

In his Supplemental Complaint, Collins named "Warden" and "transport officers" as Defendants. ECF No. 4 at 1. He asserts that on November 23, 2022, an officer came to his cell with a wheelchair to take him to Western Correctional Institution for x-rays. *Id*. at 2. When Collins arrived at the medical cart, all the seats were occupied by two officers and another inmate. *Id.* Two other officers lifted Collins and put him on the back of the medical cart, but he was not secured in a seat or by a seat belt. *Id.* Collins explains that he "was put on the back of the edge of the medical cart where the stretcher is and [his] wheel chair [sic] place[d] on the stretcher behind [him]." *Id*. at 3. The "medical cart took off really fast" and hit a pole. *Id*. When the cart hit the pole, the wheelchair slid down and hit Collins in the back, throwing Collins and the wheelchair from the cart. *Id*. Collins states that he hit the back of his head, his back, his right hip, and his legs and was in a lot of pain. *Id*. Collins instructed the officers not to move him without medical, but they moved him anyway, causing Collins additional pain. *Id*.

Collins states that he filed an administrative grievance but did not receive a response. ECF No. 4 at 2.

Defendant Weber filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, asserting, among other things, that the Complaint should be dismissed because Collins has failed to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). ECF No. 16-1 at 9-12.

## Standard of Review

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief

above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). The Court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, [Collins] need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

Under limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider documents beyond the complaint without converting the motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). The Court may "consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Trimble Navigation Ltd.*, 484 F.3d at 705 (citation omitted).

The Court is mindful that Collins is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

In his Motion to Dismiss or, in the Alternative, for Summary Judgment, Warden Weber raises the affirmative defense that Collins has failed to exhaust his administrative remedies. ECF No. 16-1 at 9-12. If Collins's claim has not been properly presented through the administrative remedy procedure, it must be dismissed pursuant to the Prisoner Litigation Reform Act ("PLRA"),

42 U.S.C. § 1997e.  The PLRA provides, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  For purposes of the PLRA, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F. Supp. 2d 523, 528 (D. Md. 2003), *aff'd*, 98 F. App'x 253 (4th Cir. 2004).

Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust administrative remedies before this Court will hear the claim.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.2d 674, 682 (4th Cir. 2005).  The exhaustion requirement "allow[s] a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Bock*, 549 U.S. at 219.  It is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process.  *Chase*, 286 F. Supp. 2d at 530.

Because the Court may not consider an unexhausted claim, *see Bock*, 549 U.S. at 220, in a very real sense, exhaustion prior to federal suit is mandatory.  Therefore, a court ordinarily may not excuse a failure to exhaust.  *Ross v. Blake*, 578 U.S. 632, 639 (2016) (citing *Miller v. French*,

4

530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the Court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 578 U.S. at 636. An administrative remedy is not "available" where the prisoner, "through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (citing *Aquilar-Avellaveda*, 478 F.3d at 1225); *Kaba*, 458 F.3d at 684.

The Maryland Department of Public Safety and Correctional Services ("DPSCS") has an established "administrative remedy procedure" ("ARP") for use by Maryland State prisoners for "inmate complaint resolution." *See generally* Md. Code Ann., Corr. Servs. ("C.S."), §§ 10-201 *et seq.*; Md. Code Regs. ("COMAR") 12.07.01B(1) (defining ARP). The grievance procedure applies to the submission of "grievance[s] against . . . official[s] or employee[s] of the Division of Correction." C.S. § 10-206(a).

Regulations promulgated by DPSCS concerning the administrative remedy procedure define a "grievance" to include a "complaint of any individual in the custody of the [DOC] against any officials or employees of the [DOC] arising from the circumstances of custody or confinement." COMAR 12.07.01.01(B)(7). "A court may not consider an individual's grievance that is within the jurisdiction of the [Inmate Grievance] Office or the Office of Administrative Hearings unless the individual has exhausted the remedies" set forth in C.S. Title 10, Subtitle 2. C.S. § 10-210(a).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee. C.S. § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner must first follow the institutional ARP process, before filing a grievance with the IGO. *See* C.S. § 10-206(b). There is an established administrative remedy procedure process that applies to all Maryland prisons. COMAR 12.07.01.05B 2.28.01. Therefore, when the ARP process provides a possible remedy, it must be followed and completed before an inmate may file a grievance with the IGO.

The ARP process consists of multiple steps. For the first step, a prisoner is required to file his initial ARP with his facility's "managing official" COMAR 12.02.28.05(D)(1), which is defined by COMAR 12.02.28.02(B)(14) as "the warden or other individual responsible for management of the correctional facility" and defined under C.S. § 1-101(m) "as the administrator, director, warden, superintendent, sheriff, or other individual responsible for the management of a correctional facility." Moreover, the ARP request must be filed within 30 days of the date on which the incident occurred, or within 30 days of the date the prisoner first gained knowledge of the incident or injury giving rise to the complaint, whichever is later. COMAR 12.02.28.09(B).

The second step in the ARP process occurs if the managing official denies a prisoner's initial ARP or fails to respond to the ARP within the established time frame. The prisoner has 30 days to file an appeal to the Commissioner of Corrections. COMAR 12.02.28.14(B)(5).

If the Commissioner of Correction denies an appeal, the prisoner has 30 days to file a grievance with the IGO.[1] COMAR 12.02.28.18; C.S. § 10-206(a); COMAR 12.07.01.05(B). When filing with the IGO, a prisoner is required to include copies of the following: the initial

---

[1] If the Commissioner fails to respond, the grievant shall file their appeal within 30 days of the date the response was due. COMAR 12.07.01.05(B)(2).

6

request for administrative remedy, the warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a).

Exhaustion requires full completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Woodford,* 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

With respect to Collins's claim regarding his transport on the medical cart, Collins states that he filed an administrative grievance but did not receive a response. ECF No. 4 at 2. Defendant Weber provides additional information regarding Collins's efforts at exhaustion.

Collins filed ARP-NBCI-2058-22 on December 2, 2022, regarding his transport on the medical cart. ECF No. 16-3 at 1. The Warden's office investigated the incident and responded on December 29, 2022, dismissing the ARP after finding no evidence to support Collins's claim of an injury and expressing the belief that Collins was attempting to manipulate his housing. *Id*. Additionally, the response found that there was no malicious intent by the officers and Collins's allegations were without merit. *Id*.

Collins appealed the Warden's dismissal to the Commissioner of Correction. ECF No. 16-5. In his appeal, Collins asserted additional complaints not contained in the initial ARP. The Commissioner, after seeking an extension of time to respond to the appeal (ECF No. 16-6), ultimately dismissed the appeal, determining "[t]he Warden fully addressed your complaint" and "[y]ou were evaluated by medical staff and documentation revealed that you did not sustain any

7

injuries." ECF No. 16-7. Collins was also advised that the additional issues raised in his appeal would not be addressed. *Id*.

Collins appealed the Commissioner's dismissal to the IGO. ECF No. 16-8. The IGO responded to Collins's appeal by requesting that he provide additional information. *Id.* at 1. The IGO advised Collins that failure to provide the requested information within 30 days of the date of the letter would result in dismissal of his grievance. *Id*. at 2. Collins failed to comply with the IGO's directive and his grievance was dismissed on March 29, 2023. ECF No. 16-9 at ¶ 2.

Collins does not contest Defendant Weber's assertion that the Complaint should be dismissed for failure to exhaust remedies. As discussed, the PLRA requires that inmates exhaust all available remedies. Thus, while it is clear that Collins made some efforts to have his claim heard through the administrative process, he did not properly or fully exhaust his administrative remedies. Specifically, Collins failed to comply with the requirements to provide all documentation of the ARP and appeal to the IGO. Because Collins failed to do so, his Complaint must be dismissed without prejudice.

## Conclusion

Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment is granted. The Complaint will be dismissed without prejudice for failure to exhaust administrative remedies.[2]

A separate Order follows.

June 26, 2024  
Date

/s/  
Stephanie A. Gallagher  
United States District Judge

---

[2] In light of this ruling, the Court need not address Defendant Weber's remaining arguments alleging failure to state a claim and qualified immunity.